NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1334
_____

MICHAEL S. COOPER; CHRISTINE L. COOPER, individually
and also t/d/b/a South Hanover Automotive LLC,

Appellants

v.

JOHN MENGES; JEFFREY GARVIK; PENN TOWNSHIP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-11-cv-00862)
District Judge:  Honorable William W. Caldwell
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 24, 2013

Before:  AMBRO, FISHER and HARDIMAN, *Circuit Judges*.

(Opinion Filed:  October 2, 2013)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Appellants, Michael S. Cooper ("Mr. Cooper"), and his wife Christine L. Cooper

(collectively the "Coopers"), brought suit against appellees John Menges, Jeffrey Garvik,

and Penn Township (collectively "Appellees"), alleging multiple constitutional violations

arising from a land use dispute and seeking relief pursuant to 42 U.S.C. § 1983. The U.S. District Court for the Middle District of Pennsylvania granted summary judgment in favor of Appellees, from which the Coopers now appeal. We will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

The Coopers own and operate South Hanover Automotive ("SHA"), an automotive repair shop in Hanover, Pennsylvania. Mr. Cooper purchased the property that would become SHA in approximately November 2007, at which time there were three buildings on the premises. After purchasing the property, Mr. Cooper took down one of the buildings (a six-by-six foot shed) and made other improvements.

Mr. Cooper sought to make further improvements to the premises and consulted with Menges, the Township's zoning officer. The two had a heated discussion in December 2007 about the requirement that commercial property owners submit a Land Development Plan ("LDP") prior to making improvements. The LDP was important, according to Garvik, because it gave the Township a record of what was on each piece of property. Mr. Cooper subsequently learned that the Township Board of Commissioners could grant a waiver of the LDP requirement, so he submitted a *pro se* written request for such a waiver. During his presentation to the Township Planning Commission, Mr.

2

Cooper represented that he had already removed "some buildings" and "made improvements" to alleviate water problems on the property. Supp. App. 40-41. The Township Planning Commission and the Township Board of Commissioners rejected the waiver request on October 20, 2008. Garvik testified in his deposition that "[s]ometimes [the Commissioners] approve the waivers, a lot of times they don't." App. 364.

On May 5, 2009, Mr. Cooper called the Township to complain about dust blowing onto the SHA property from a nearby construction site. Menges drove to SHA in response and "went off on a tirade" about cars being parked on the grass in violation of a Township ordinance. App. 233. Menges informed Mr. Cooper that the existing violation would have to be cured before an LDP would be approved. Mr. Cooper contacted Garvik to complain about Menges's behavior, and Garvik "just laughed at [him]." *Id.* at 234.

Mr. Cooper then hired Hanover Land Services and one of its surveyors, Reginald Baugher, to prepare and submit an LDP on his behalf. To improve Mr. Cooper's chances of approval, Baugher applied for two zoning variances, one related to the rear setback on the property, and the other for a 35% expansion of the impervious area on the property. Baugher discussed his proposed strategy with Menges, who expressed a different interpretation of the relevant ordinances. Baugher disagreed with Menges's suggested interpretation, but went along with it because he felt that he did not have the appropriate background to challenge the zoning officer. The Planning Commission reviewed the application for variances and recommended that the Zoning Hearing Board grant the

3

variances, but on December 8, 2009, the Zoning Hearing Board denied the application. The Coopers alleged that Menges's interpretation intentionally misled Baugher, but Menges expressly denied that allegation. Baugher further indicated that he would not characterize Menges's statements as misleading, but as a disagreement. Baugher had disagreed with zoning officers in the past. Menges could not recall having any involvement in the approval process for the Coopers' LDP.

The Coopers retained counsel, who sought a special exemption from the existing zoning ordinance, rather than a variance. This approach (which differed from that taken by Baugher) was rejected by the Planning Commission, but was ultimately granted by the Zoning Hearing Board on July 13, 2010. The Coopers were, at that time, able to make the desired improvements to SHA's premises. Baugher testified that the process faced by the Coopers was "typical." *Id.* at 266.

The Coopers filed suit in the District Court. The amended complaint alleged four grounds for their § 1983 claim: (1) First Amendment retaliation; (2) denial of substantive due process; (3) denial of procedural due process; and (4) a class of one denial of equal protection. The District Court granted Appellees' motion for summary judgment on January 7, 2013, and the Coopers timely appealed on February 4, 2013.

## II.

The District Court had jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1983. We have appellate jurisdiction under 28 U.S.C. § 1291.

4

We exercise plenary review over a grant of summary judgment, and apply the same standard that the District Court should have applied. *Howley v. Mellon Fin. Corp.*, 625 F.3d 788, 792 (3d Cir. 2010) (citing *Smathers v. Multi-Tool, Inc./Multi-Plastics, Inc. Emp. Health & Welfare Plan*, 298 F.3d 191, 194 (3d Cir. 2002)). Summary judgment is proper when, viewing the facts in a light most favorable to the nonmoving party, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

III.

A.

The District Court applied the proper standard in concluding that there was no genuine issue of material fact and granting Appellees' motion for summary judgment. When ruling on a motion for summary judgment, the district court must draw all reasonable inferences in favor of the nonmoving party and refrain from making credibility determinations. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The nonmoving party may not, however, "rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

Here, the District Court accounted for and gave proper weight to facts the Coopers emphasize in their brief—specifically, that Menges became angry during a conversation

with Mr. Cooper, App. 14; that Menges went "off on a tirade" about cars being parked on the grass, *id.* at 19; and that T.L. Wetzel and Sons, Inc., A2Z Motor Sports LLC, and "other individuals and business entities" received what the Coopers characterize as "favorable treatment" with respect to waivers from the Planning Commission. *Id.* at 13-14, 18-19. As discussed below, these facts were not material to the District Court's resolution of the summary judgment motion with respect to the Coopers' First Amendment retaliation and Fourteenth Amendment Equal Protection claims,[1] thus the District Court applied the proper standard when granting summary judgment.

B.

To make out a First Amendment retaliation claim pursuant to § 1983, a plaintiff must establish three elements: "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal connection between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)). To establish the requisite causal connection, the plaintiff must prove either: "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a

---

[1] The District Court also granted summary judgment with respect to the Coopers' Fourteenth Amendment substantive and procedural due process claims. The Coopers do not raise these issues or argue that the District Court erred in this respect, and they are therefore waived on appeal. *Skretvedt v. I.E. DuPont De Nemours*, 372 F.3d 193, 202-03 (3d Cir. 2004).

pattern of antagonism coupled with timing to establish a causal link." *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007) (citing *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 503-04 (3d Cir. 1997)). "In the absence of that proof the plaintiff must show that from the 'evidence gleaned from the record as a whole' the trier of the fact [sic] should infer causation." *Id.* (quoting *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 281 (3d Cir. 2000)). The defendant must be aware of the protected conduct in order to establish the requisite causal connection. *Gorum v. Sessoms*, 561 F.3d 179, 188 (3d Cir. 2009) (citing *Ambrose v. Twp. of Robinson*, 303 F.3d 488, 493 (3d Cir. 2002)).

The Coopers' claim fails with respect to both the second and third elements because the District Court could not have reasonably inferred that the various denials were in retaliation for Mr. Cooper's complaints about Menges to Garvik.[2] First, the denial of Mr. Cooper's *pro se* request for a waiver of the LDP occurred in October 2008, prior to his complaint about Menges, which took place on May 5, 2009. The Planning Commission and Board of Commissioners could not have had knowledge of Mr. Cooper's alleged protected conduct, because it had yet to occur. *Gorum*, 561 F.3d at 188. The third proceeding, on the other hand, resulted in a favorable outcome for the Coopers,

---

[2] The Coopers' brief purports to identify two protected activities: (1) Mr. Cooper's complaint to Garvik; and (2) "the local officials as an outgrowth of the antagonism carried by Menges and Garvik used every mechanism possible to delay, harass, and treat [the Coopers] in a negative, disparate, fashion." Appellants' Br. at 15-16. Only the first constitutes conduct by Mr. Cooper, so we consider only that ground.

so it cannot be considered retaliatory. Because neither the first nor the third proceeding could form the basis of a retaliation claim, we turn to the second proceeding.

The Coopers argue on appeal that the District Court "downplayed" the facts as characterized by them and should have inferred that the variance denial was in retaliation for Mr. Cooper's protected conduct. Upon review of the record, we agree with the District Court that the Coopers do not establish that members of either the Planning Commission (which recommended approval) or the Zoning Hearing Board (which denied the variance) knew of any animosity between Mr. Cooper and Menges or Garvik. The absence of such knowledge defeats the Coopers' retaliation claim. *Id.*

To the extent that the District Court could have inferred that the Coopers were retaliated against by being treated differently than other similarly situated businesses, that argument also fails. Mr. Cooper conceded that Wetzel and A2Z were likely treated more favorably because they were "large businesses, probably producing jobs," and because "some of [them] were friends." Supp. App. 89. Any favorable treatment, therefore, was not the result of retaliation. With respect to the other entities and individuals listed by the Coopers, there is no evidence indicating that members of the Zoning Hearing Board knew about Mr. Cooper's complaint such that any unfavorable treatment could be inferred as retaliatory.

Finally, the District Court could not have reasonably inferred that Menges retaliated against Mr. Cooper by pressuring Baugher to accept Menges's interpretation of

8

the zoning ordinance. Baugher testified that he accepted Menges's position as a matter of strategy, and there is no evidence that he felt pressured to do so. Supp. App. 78-79. The Coopers rest upon the legal conclusion that "Menges intentionally misled [Baugher]" without adducing any evidence from which the District Court could have reasonably inferred such intent. App. 41; Appellants' Br. at 9. Although the record leaves little doubt that Mr. Cooper and Menges did not like each other, Baugher indicated that he would not characterize Menges's statements as "misleading," but rather as a difference of opinion. Baugher had experienced similar disagreements in the past. Menges likewise testified that he did not intentionally try to mislead Baugher. In light of these facts, the Coopers' argument is based upon nothing more than a "mere allegation," and we cannot conclude that it is sufficient to survive summary judgment. *Anderson*, 477 U.S. at 256.

C.

To state a "class-of-one" claim under the Equal Protection Clause, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008) (combining the first two elements quoted above to form a two-part test).

No reasonable juror could conclude that the Coopers' treatment in this case was intentional, even if it differed from other entities. The Coopers adduced no evidence

9

showing that the various Township entities that denied their requests intended to cause delay or harassment. To the contrary, Baugher testified that the Coopers' experience in the approval process was, in fact, "typical."

The Coopers also fail the rational basis prong of the class-of-one test. To survive rational basis review, a classification must be "'rationally related to a legitimate governmental objective.'" *Parker v. Conway*, 581 F.3d 198, 202 (3d Cir. 2009) (quoting *Tenafly Eruv Ass'n v. Borough of Tenafly*, 309 F.3d 144, 165 n.24 (3d Cir. 2002)). As noted by the District Court, Garvik's testimony indicated that an LDP was necessary because it provides a record of what is on the property, particularly where Mr. Cooper indicated that he had made changes to the property before receiving approval. The Township thus had a legitimate interest in regulating land use. *See Pace Res., Inc. v. Shrewsbury Twp.*, 808 F.2d 1023, 1035 (3d Cir. 1987) (acknowledging the courts' deference to legislative judgment on zoning regulation in the substantive due process context). The Zoning Hearing Board, therefore, had a rational basis for rejecting the application for the variances and the District Court properly granted summary judgment on this issue.

## IV.

For the above stated reasons, we will affirm the District Court's judgment in favor of Appellees.

10